FILED
United States Court of Appeals
Tenth Circuit

October 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ENRIQUE EDUARDO
COSENZA-CRUZ; GLENDA
MARIEL RIVERA DE COSENZA;
FLOR DE MARIA COSENZA-RIVERA;
JAVIER ENRIQUE
COSENZA-RIVERA,

      Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 13-9516
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**O'BRIEN**, Circuit Judge.

Petitioners, Enrique Eduardo Cosenza-Cruz, Glenda Mariel Rivera

de Cosenza, Flor de Maria Cosenza-Rivera, and Javier Enrique Cosenza-Rivera, seek

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

review of the Board of Immigration Appeals' (BIA) order dismissing their appeal from the immigration judge's (IJ) order denying relief from removal. We exercise jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Petitioners are husband and wife and their two children, all citizens of Guatemala. They entered the United States in 2007 and remained after their authorized stay ended. They were placed in removal proceedings in 2008 and conceded removability. Cosenza-Cruz applied for asylum, withholding of removal and relief under the Convention Against Torture (CAT), listing his wife and children as derivative beneficiaries. Petitioner alleged persecution by gang members in Guatemala.

Petitioner was a wealthy owner of two profitable businesses in a Guatemalan village. Gang members began committing crimes in this village, including extorting businesses. According to Cosenza-Cruz's testimony gang members tried to extort money from him, but he refused to pay. On one occasion, gang members robbed his stepson and, after the stepson ran to Cosenza-Cruz's home, threw a large rock in the window. Petitioners received phone calls and letters threatening physical violence. Cosenza-Cruz testified three men hit him over the head with a baseball bat, stole his cell phone and money, and threatened to harm his family if he did not pay them money. He believes these men were gang members. He claims he was targeted by gang members because of his political opposition to gangs. As evidence of this, Cosenza-Cruz testified to having interrupted a gang fight at a local festival; reporting

gang vandalism of a church to the military; and forcibly driving a young gang member out of town shortly after his stepson was robbed.

The IJ issued a detailed decision discussing the evidence in the record and the applicable law. The IJ found credible evidence that gang members made extortion attempts and threatened petitioners with physical violence if they did not pay. But the IJ concluded this evidence did not demonstrate persecution of petitioners by gang members because of their political beliefs or any of the other protected grounds upon which persecution must be based to qualify for asylum. *See Rivera-Barrientos v. Holder*, 666 F.3d 641, 645-46 (10th Cir. 2012) ("To be eligible for asylum, an alien must establish by the preponderance of the evidence that he or she is a refugee," defined "as an alien unable or unwilling to return to the country of origin 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" (quoting 8 U.S.C. § 1101(a)(42)(A) (emphasis omitted)). Accordingly, the IJ denied petitioners' asylum applications.

The IJ also denied Cosenza-Cruz's[1] request for withholding of removal, which requires a more stringent showing of persecution than that required for asylum. *See Zhi Wei Pang v. Holder*, 665 F.3d 1226, 1233 (10th Cir. 2012). The IJ denied Mr. Cosenza-Cruz's request for protection under the CAT, finding no evidence

---

[1]     The IJ noted that the application for withholding of removal and relief under the CAT was personal to Mr. Cosenza-Cruz, and that none of the other petitioners filed their own applications. Petitioners do not challenge this on appeal.

showing he would be tortured by, or with the acquiescence of, the Guatemalan government. *See Karki v. Holder*, 715 F.3d 792, 806 (10th Cir. 2013) (noting a CAT applicant must demonstrate it is more likely than not he or she would be tortured by, or at the instigation, consent or acquiescence of, a public official if returned to the country of removal). The IJ noted record evidence indicating the Guatemalan government is actively engaged in the control of gang criminal activity.

The BIA concurred with the IJ's findings and decision and denied petitioners' requests for relief from removal and dismissed their appeal. On appeal to this court, petitioners argue the IJ did not fairly and accurately consider the evidence; based his findings on speculation and personal belief; abused his discretion in discounting Cosenza-Cruz's testimony; and failed to consider whether their asylum claims were sufficient to establish eligibility for relief under the CAT.

We review legal questions de novo, but "[a]gency findings of fact are reviewed under the substantial evidence standard." *Id*. at 800 (internal quotation marks omitted). Under this standard, administrative "findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Rivera-Barrientos*, 666 F.3d at 645. We have thoroughly reviewed petitioners' arguments on appeal and the administrative record. We conclude that the IJ's "factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Karki*, 715 F.3d at 800. The IJ did not improperly rely on conjecture or personal belief, but

- 4 -

gave "specific, cogent reasons" for his credibility assessments. *Chaib v. Ashcroft*, 397 F.3d 1273, 1278 (10th Cir. 2005). We see no basis to conclude the IJ abused its discretion in his consideration or assessment of the evidence or otherwise. And we conclude the IJ properly considered the request for relief under the CAT.

Accordingly, we deny the petition for review.

Entered for the Court

Terrence L. O'Brien
Circuit Judge